NICHOLAS J. EREKSON, ISB #9325
Erekson Law Group, PLLC
1010 N. Third Street
P.O. Box 947
McCall, Idaho 83638
Telephone: (208) 634-7118
Facsimile:  (208) 634-5880
nick@ereksonlawoffice.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND R. HAMELL AND RACHELLE J. HAMELL,<br><br>Plaintiffs,<br><br>vs.<br><br>IDAHO COUNTY, a political subdivision of the State of Idaho, KATHY ACKERMAN, Idaho County Clerk, JIM CHMELIK, Idaho County Commissioner, MARK FREI, Idaho County Commissioner, SKIP BRANDT, Idaho County Commissioner, JOHN AND JANE DOES 1-5, in their individual and official capacities,<br><br>Defendants. | Case No.  3:16-cv-00469-EJL<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT - HAMELLS v. IDAHO COUNTY, ET AL- Page 1

COMES NOW, the above entitled Plaintiffs, RAYMOND R. HAMELL and RACHELLE J. HAMELL, by and through their attorney of record, Nicholas J. Erekson, of Erekson Law Group, PLLC, and hereby submit this Memorandum in support of their Motion for Leave to File Amended Complaint.

## PROCEDURAL HISTORY

Plaintiffs filed their complaint on October 20, 2016 (Dkt. 1). Thereafter, Defendants filed an answer on November 14, 2016 (Dkt. 4). On December 14, 2016, the Court established a Case Management Order based on the stipulation of the parties (Dkt. 8). The Case Management Order provided that Motions to Join Parties and/or amend pleadings shall be filed no later than March 14, 2017. *Id.* On December 16, 2016, Defendants filed their Motion for Judgment on the Pleadings (Dkt. 10). Plaintiffs responded to Defendants' motion on January 9, 2016. Defendants replied to Plaintiffs' response on January 26, 2017. On February 1, 2017, Plaintiffs provided initial disclosures to Defendants. Defendants provided initial disclosures to Plaintiffs on February 2, 2017 and supplemented their disclosure February 16, 2017. Plaintiffs now move for leave to file an amended complaint.

Without admitting error, Plaintiffs move to correct defects identified by Defendants by articulating additional claims and facts in an amended complaint. Also, after reviewing Defendant's Initial Disclosures, Plaintiffs move to amend the complaint to fully reflect the circumstances regarding the sale of Shaw Subdivision Lot 2, to reduce their total compensatory damages claim to $475,760.52 and also to correct date of the issuance of the tax deeds to the properties. A copy of the Plaintiff's Proposed Amended Complaint is attached hereto as Exhibit A and a comparison document is attached as Exhibit B.

## ARGUMENT

**a. Plaintiffs' amendments would not be futile.**

Under F.R.C.P. 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. If a responsive pleading has already been served, a party may amend a pleading only by leave of court or by written consent of the adverse party… "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2), *Hadden v. Kirkman*, 2016 WL 1060206, at *4 (D.Idaho, 2016). Specifically, when considering whether or not to dismiss a claim with prejudice, courts should allow amendment of the pleadings unless such amendment would be futile. See e.g. *Pac. W. Grp., Inc. v. Real Time Solutions*, Inc., 321 F. App'x 566, 569 (9th Cir. 2008) (holding that in a 12(c) context, leave to amend should be granted unless amendment would be futile.) See also *Diamond v. CORIZON HEALTH, INC.*, Dist. Court, ND California 2016 ("For motions under both Rule 12(b)(6) and Rule 12(c), the court should grant leave to amend even if no request for leave to amend has been made, unless amendment would be futile.")

As shown in the attached proposed complaint and in Plaintiffs Response to Motion for Judgment on the Pleadings (Dkt 12), Plaintiffs have articulated additional claims and facts that, should this Court agree with Defendants' 12(c) motion, would allow Plaintiffs' to have a full and fair opportunity to present their claims before this Court. Should this court agree that the no-economic loss doctrine bars recovery, Plaintiffs have articulated an alternate state law basis by which they could prevail in the suit, namely, Liability by Statute. See *City of Rexburg v. Madison County*, 115 Idaho 88, 764 P.2d 838 (1988)).

Further, Plaintiffs have moved to amend their complaint in response to Defendants' assertion that other state law remedies are adequate to prospectively protect Plaintiffs' rights.

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - HAMELLS v. IDAHO COUNTY, ET AL- Page 3

Defendants have suggested that Plaintiffs could seek to have the sale invalidated and proceed with a quiet title action. If, as suggested by Defendants, Plaintiffs sought to invalidate the sale and quiet title, Idaho County would likely retain title to the property and nothing would stop Idaho County from again depriving Plaintiffs and from their rights to proceeds from the sale when Idaho County sells property at the next tax sale. (Dkt. 12, pp. 14-15). This suggested course of action by Defendants would be meaningless without a requirement that any re-noticed sales be published according to Idaho Code. Thus, Plaintiffs' request for declaratory relief asks that this court prospectively delineate the rights and legal relationships between the Plaintiffs and Idaho County.

## CONCLUSION

By granting this motion, the Plaintiffs will have a full and fair opportunity to bring all of its claims before the Court and, without admitting error, defects identified by the Defendant will be corrected. Defendants have previously stipulated to a pleadings amendment deadline of March 14, 2017 and this motion is in advance of that date.  Because a trial date has not been set and is not in the near future, there will be no prejudice to the Defendants and the interests of justice will be satisfied.

DATED THIS 27th day of February.

                    **EREKSON LAW GROUP, PLLC**

By: _____/s/ Nicholas J.Erekson_____
        Nicholas J. Erekson
        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY That on February 27th , 2017, I submitted the foregoing to the Clerk of the Court for service on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing, including, but not limited to, the following:

| | |
|---|---|
| William Fletcher<br>Hawley, Troxell, Ennis & Hawley, LLP<br>Attorneys for Defendants | wfletcher@hawleytroxell.com |

                 _____/s/ Nicholas J.Erekson_____
                 Nicholas J. Erekson