UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND R. HAMELL and RACHELLE J. HAMELL,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>IDAHO COUNTY, a political subdivision of the State of Idaho, KATHY ACKERMAN, Idaho County Clerk, JIM CHMELICK, Idaho County Commissioner, MARK FREI, Idaho County Commissioner, SKIP BRANDT, Idaho County Commissioner, JOHN AND JANE DOES 1 – 5, in their individual and official capacities,<br><br>　　　　　Defendants. | Case No. 3:16-CV-00469-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above entitled matter are Defendants' Motion for a Judgment on the Pleadings made pursuant to Federal Rule of Civil Procedure 12(c) and Plaintiffs' Motion for Leave to File an Amended Complaint. (Dkt. 10, 15.) The Motions have been fully briefed and are ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Raymond R. Hamell and Rachelle J. Hamell, owned three pieces of real property located in Idaho County, Idaho identified as: Shingle Creek Property, Shaw Subdivision Lot 1, and Shaw Subdivision Lot 2. (Dkt. 1.) Defendants acquired the three properties through tax deeds from the Hamells and sold the parcels via public auctions.[1] Plaintiffs' allege the Notices of Sale for each of the public auctions were deficient because they failed to contain a description of the distance or direction from the properties to the nearest city and/or the properties' addresses as required by Idaho Code § 31-808. (Dkt. 1.) As a result, the Plaintiffs allege the properties either sold for less than their assessed value or did not sell thereby reducing, or eliminating, Plaintiffs' redemption of any proceeds from the sales of the properties in excess of the amounts owed.

Plaintiffs have brought this action raising claims of Negligence per se – Breach of Statutory Duty in violation of Idaho Code § 31-808; Deprivation of Plaintiffs' Property Interest without Due Process in Violation of 42 U.S.C. § 1983; and Deprivation of Plaintiffs' Property Interest without Due Process in violation of Article, I, § 13 of the Idaho State Constitution. (Dkt. 1.) Plaintiffs seek 1) monetary damages comprised of the difference between the assessed amount of the properties and the amount the properties sold for and 2) injunctive relief against future improperly advertised sales of other properties by way of an order requiring Defendants to change their tax sale procedure to

---

[1] The named Defendants are Idaho County; Kathy Ackerman, the Idaho County Clerk; and the Idaho County Commissioners (collectively "Defendants"). (Dkt. 1.)

properly advertise the location of tax deed properties. (Dkt. 1.) Defendants filed a Motion for Judgment on the Pleadings seeking dismissal of all claims. (Dkt. 10.) Plaintiffs have filed a Motion to Amend/Correct Complaint. (Dkt. 15.) The Court finds as follows as to both Motions.

## STANDARD OF LAW

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. *See, e.g., Westlands Water Dist. v. Bureau of Rec.*, 805 F.Supp. 1503, 1506 (E.D. Cal. 1992). A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] ... in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

# DISCUSSION

1. **Motion for Judgment on the Pleadings**

    A. **Negligence *Per Se* – Breach of Statutory Duty in violation of Idaho Code § 31-808**

The First Claim for Relief in the Complaint alleges Defendants breached their statutory duty under Idaho Code § 31-808 which required Defendants to abide by the procedures set forth therein when it sold the real property at issue in this case. (Dkt. 1.) Defendants argue this claim is barred by the economic loss rule and because Plaintiffs have failed to assert a viable claim for negligence *per se*. (Dkt. 10, 14.)

"Unless an exception applies, the economic loss rule prohibits recovery of purely economic losses in a negligence action because there is no duty to prevent economic loss to another." *Path to Health, LLP v. Long*, 383 P.3d 1220, 1226 (Idaho 2016) (quoting *Blahd v. Richard B. Smith, Inc.*, 108 P.3d 996, 1000 (Idaho 2005). The rule applies to negligence cases in general and to products liability cases. *See Kayser v. McClary*, 875 F.Supp.2d 1167, 1175-76 (D. Idaho 2012); *Ramerth v. Hart*, 983 P.2d 848, 851 (Idaho 1999). "Economic loss" includes costs of repair and replacement of defective property which is the subject of the transaction, as well as commercial loss of profits or use. *Blahd*, 108 P.3d at 1000. For purposes of the economic loss rule, "transaction" does not mean a business deal; rather, it means the subject of the litigation. *Blahd*, 108 P.3d at 1000.

In this case, Plaintiffs argue the economic loss rule does not bar their negligence *per se* claim because the source of the duty alleged is Idaho Code § 31-808 and the damages are recoverable in tort. (Dkt. 12 at 4-7.) The Court disagrees.

The economic loss rule applies to Plaintiffs' negligence *per se* claim. There is no dispute that the damages sought by Plaintiffs are purely economic. (Dkt. 12 at 4-7.) Therefore, the rule applies to bar the claim unless an exception to the rule applies. *See Path to Health*, 383 P.3d at 1226.

There are two exceptions to the economic loss rule: the existence of a special relationship between the parties and unique circumstances requiring a reallocation of the risk. Plaintiffs assert both exceptions apply here. (Dkt. 12 at 7-11.)

"The special relationship exception to the general rule of non-recovery applies to 'an extremely limited group of cases' 'where the relationship between the parties is such that it would be equitable to impose a duty on a defendant to protect against another's economic interest.'" *JH Kelly, LLC v. Tianwei New Energy Holdings Co., Ltd.*, 68 F.Supp.3d 1194, 1201 (D. Idaho 2014) (quoting *Duffin v. Idaho Crop Imp. Ass'n*, 895 P.2d 1195, 1201 (Idaho 1995)). The Idaho Supreme Court has recognized this exception in two situations. "One situation is where a professional or quasi-professional performs personal services." *Blahd*, 108 P.3d at 1001; *McAlvain v. General Insur. Co. of America*, 554 P.2d 955, 958 (Idaho 1976) (holding an insurance agent who performs his services negligently should be held liable for that negligence, as would "an attorney, architect, engineer, physician, or any other professional who negligently performs personal services."). "The other situation involving a special relationship is where an entity holds itself out to the public as having expertise regarding a specialized function, and by so doing, knowingly induces reliance on its performance of that function." *Blahd*, 108 P.3d at 1001.

The second exception where economic damages may be recoverable in a negligence cause of action arises when unique circumstances exist that require a different allocation of risk between the parties. *Blahd*, 108 P.3d at 1002 (citation omitted). While the Idaho Supreme Court has recognized this exception to the economic loss rule, it has never been applied. *Id.*

The Court finds neither exception applies in this case. There is no special relationship between the Defendants and Plaintiffs that existed concerning the tax sales of real property. The County is neither a professional or quasi-professional performing personal services nor did it hold itself out as having expertise regarding a specialized function. Likewise, there are no unique circumstances that exist in this case requiring a different allocation of risks. It is not unique or uncommon for a municipality to issue notices and hold tax sales of real property or otherwise perform governmental functions pursuant to statutory authority. Therefore, the Court finds the economic loss rule bars Plaintiffs' negligence *per se* claim in this case and Defendants' Motion is granted in this regard.[2]

### B. Section 1983 Claim

The Second Claim for Relief in the Complaint raises a § 1983 claim alleging Defendants violated Plaintiffs' property interest without due process of law by failing to

---

[2] The proposed Amended Complaint includes a negligence *per se* claim. (Dkt. 15, Ex. A.) The Court has reviewed the same and finds the proposed amended claim also fails as a matter of law for the reasons stated herein as to the original claim. Any further amendment would be futile on this claim. Therefore, Plaintiffs' Motion to Amend the Complaint as to this claim is denied.

follow the provisions of Idaho Code § 31-808 with regard to their advertising of the real property sales in this case. (Dkt. 1.) In order to state a prima facie § 1983 claim based on procedural due process violations, Plaintiffs must allege that a person acting under color of state law deprived them of their constitutionally protected liberty or property interest without sufficient procedural safeguards. *See Buckingham v. Sec'y of U.S. Dep't of Agr.*, 603 F.3d 1073, 1081 (9th Cir. 2010); *see also Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (A § 1983 claim based upon procedural due process contains three elements: (1) a liberty or property interest protected by the United States Constitution; (2) a deprivation of that interest by the government; and (3) a denial of adequate procedural protections.). Here, Plaintiffs allege the Notices of Sale failed to properly inform potential buyers of which specific properties were for sale by not including the distance and direction of the nearest city of properties it sold outside of city limits on the notices. (Dkt. 1 at ¶¶ 7.1-7.14.) Defendants argue the § 1983 procedural due process claim is barred because Plaintiffs have an adequate remedy in state law. (Dkt. 10 at 13) (Dkt. 14 at 8.)

Where state law postdeprivation remedies are constitutionally adequate, no violation of due process is had and claims made under § 1983 are not actionable. *See Parratt v. Taylor*, 451 U.S. 527 (1981) and *Hudson v. Palmer*, 468 U.S. 517 (1984). That is to say, "in certain circumstances, a state can cure what would otherwise be an unconstitutional deprivation of 'life, liberty or property' by providing adequate postdeprivation remedies." *Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001). Defendants argue this principle applies here to bar Plaintiffs' § 1983 claim. The Court disagrees.

MEMORANDUM DECISION AND ORDER - 7

The § 1983 cause of action in this case raises a procedural due process claim concerning predeprivation conduct. Plaintiffs allege Defendants have a practice, custom, and/or policy to not include the distance and direction of the nearest city of properties sold outside of city limits contrary to the requirements of Idaho Code § 31-808. (Dkt. 1 at ¶ 7.9.) Defendants dispute that the claim is for a violation of established state procedure; arguing the claim is instead that the Defendants violated the procedure set forth in Idaho Code § 31-808. (Dkt. 14 at 9.) At this early pleading stage of the case, all factual allegations are taken as true and construed in the light most favorable to the non-moving party. *Fleming*, 581 F.3d at 925.

When viewed in that light, the Court finds Plaintiffs have alleged the Defendants maintained a policy to violate Idaho Code § 31-808's notice requirements; i.e., that the Defendants' policy of not complying with the notice requirements violated Plaintiffs' predeprivation procedural due process rights. (Dkt. 1.)[3] Because the claim alleges a procedural due process violation based on a systemic official governmental policy to not follow the statutory notice requirements for a tax sale, and not random and unauthorized acts by government officials, the claim is actionable. *Zinermon v. Burch*, 494 U.S. 113, 129-30 (1990); *Wright v. Fred Hutchinson Cancer Research Cntr.*, 269 F.Supp.2d 1286, 1291-92 (W.D. Wash. 2002) (concluding where "the state procedures themselves operate

---

[3] The proposed Amended Complaint includes more specific allegations regarding the Defendants' failure to afford Plaintiffs a predeprivation hearing on the inadequate Notices of Sale. (Dkt. 15, Ex. A at ¶¶ 3.13, 4.10, 5.9, 5.11-5.13, 7.3-7.16.) In particular as to this claim, the proposed Amended Complaint contains additional allegations that the Defendants maintain an illegal policy of issuing notices of sale that do not comply with Idaho Code § 31-808. (Dkt. 15, Ex. A at ¶ 7.4.) Plaintiffs are granted leave to include these allegations when filing their Amended Complaint.

MEMORANDUM DECISION AND ORDER - 8

in such a way as to deprive individuals of life, liberty, or property without due process, a § 1983 action will lie."). The Court makes no determination at this time as to whether such an alleged government policy exists and/or whether the claim is otherwise viable. At this stage, Plaintiffs' allegation that the Defendants' policy of not following the notice requirements of Idaho Code § 31-808 violated their due process rights is sufficient for the § 1983 claim to go forward.[4]

To the extent Plaintiffs' § 1983 claim is that Defendants violated Idaho Code § 31-808 itself by failing to follow the notice procedures for a tax sale, the Plaintiffs must show some breach of their constitutional rights in order for the claim to be actionable. *See Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012) ("Unless there is a breach of constitutional rights,...§ 1983 does not provide redress in federal court for violations of state law."). Here, Plaintiffs allege their constitutional property interest in the proceeds from the sales was deprived without due process by Defendants' failure to follow the requirements of Idaho Code § 31-808. (Dkt. 1.) "The Fourteenth Amendment prohibits states from 'depriv [ing] any person of life, liberty, or property, without due process of

---

[4] Relatedly, the parties dispute the adequacy and availability of the state court remedies. Defendants assert the Plaintiffs had available state law remedies to address any grievances with the advertising and sale of the properties in the form of an action in state court to set aside the sales, quiet title against the purchases of the properties and, possibly, to have the tax deeds declared invalid under Idaho Code § 63-1007. (Dkt. 10 at 14.) Plaintiffs maintain those remedies are not available to them and do not address their "main concern" of the Defendants' systematic refusal to adhere to the requirements of Idaho Code § 31-808 when conducting a tax sale in violation of their due process rights. (Dkt. 12 at 13) (Dkt. 18.) Because Plaintiffs' § 1983 claim asserts a predeprivation violation of their due process rights, the existence of state law postdeprivation remedies do not preclude their claim and the Court need not determine at this time whether the state law remedies are available and/or adequate.

law.'" *Samson*, 683 F.3d at 1057 (quoting U.S. CONST. AMEND. XIV, § 1). "[P]roperty interests derive not from the Constitution but from 'existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Id.* (quoting *Gallo v. United States Dist. Court*, 349 F.3d 1169, 1178 (9th Cir. 2003) (quoting *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972))). "[F]ederal constitutional law," however, "determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Id.* (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978)). For purposes of this Motion, the Court finds the allegations are sufficient at this stage of the case. Again, the Court makes no determination as to whether such a claim would survive a later more substantive dispositive motion.

C. **Deprivation of Plaintiffs' Property Interest in Violation of Article I, § 13 of the Idaho State Constitution**

The Third Claim for Relief in the Complaint alleges Defendants deprived Plaintiffs' of their property interest without due process in violation of Article I, § 13 of the Idaho State Constitution. (Dkt. 1 at ¶¶ 8.1-8.12.) Defendants argue Plaintiffs have no private right of action to bring this claim. (Dkt. 10 at 16-17.) Plaintiffs' response brief does not address this claim. (Dkt. 12.)

This question has been clearly decided in this District. *See Sommer v. Elmore Cnty.*, 903 F.Supp.2d 1067, 1074 (D. Idaho 2012). There is no "direct cause of action for violations of the Idaho Constitution." *Kangas v. Wright*, 2016 WL 6573943, at *6 (D. Idaho Nov. 4, 2016) (citing cases); *Johnson v. City of Caldwell*, 2015 WL 5319012, at *17 (D.

Idaho Sept. 11, 2015) (citing cases). Defendants' Motion is granted and this claim is dismissed as a matter of law.[5]

D. **Proposed Claim for Liability by Statute**[6]

The proposed Amended Complaint includes a new Fourth Claim for Relief alleging "liability by statute." (Dkt. 15, Ex. A at ¶¶ 9.1-9.5.) "The phrase, 'a liability created by statute,' means a liability which would not exist but for the statute." *City of Rexburg v. Madison Cnty.*, 764 P.2d 838, 839 (Idaho 1988) (citation omitted). That is to say, this is a claim based upon non-performance of a statutorily imposed duty.

Plaintiffs argue their proposed Amended Complaint sufficiently alleges the elements for this offense: 1) duty, 2) date by which the duty should be performed, and 3) non-performance of the duty by Defendants. (Dkt. 18 at 7.) Plaintiffs assert Idaho Code § 31-808 specifically names them, the former property owners, as beneficiaries and rightful recipients to excess tax proceeds and imposed a specific duty on Defendants to properly advertise the sale (i.e., provide a notice with the address/location of the property as directed in the statute) and the time for performing said duty (10 days) which Defendants failed to meet in this case. (Dkt. 12 at 19) (Dkt. 15, Ex. A at ¶¶ 9.1-9.5) (Dkt. 18 at 8.) Defendants counter that this claim fails because Idaho Code § 31-808 does not establish a duty on the

---

[5] The proposed Amended Complaint includes this claim. (Dkt. 15, Ex. A.) For the reasons stated herein, the Court denies Plaintiffs leave to amend to add this claim as doing so is futile.

[6] Because the parties have fully addressed this proposed claim in their briefing on the Motions, the Court finds it appropriate to address in this Order.

MEMORANDUM DECISION AND ORDER - 11

part of the County making it liable to a former property owner for any failures in the notice issued for a tax deed auction. (Dkt. 16 at 5.)

At this stage, the Court will allow Plaintiffs leave to amend their complaint to add this claim as it cannot say at this time that such an amendment would be futile. The Court, however, has serious questions as to whether such a claim exists, is properly raised in this case, is viable, and/or Plaintiffs can succeed on the merits of this claim. Accordingly, the Court will entertain a motion challenging the same after the Amended Complaint is filed. Further, supplemental jurisdiction over this pure state law claim will be exercised at this point only because the § 1983 claim over which the Court has original jurisdiction has survived the Motion for a Judgment on the Pleadings. 28 U.S.C. § 1367. Were the § 1983 claim to be dismissed, the Court would likely decline supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3).

**2.      Motion for Leave to Amend/Correct Complaint**

Plaintiffs have filed a Motion asking for leave to amend and/or correct their Complaint to address defects identified by Defendants in their Motion for a Judgment on the Pleadings and to correct certain facts. (Dkt. 15.) Defendants maintain the proposed amendments are futile, leave to amend should be denied, and the case dismissed. (Dkt. 16.)

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit Court of Appeals recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on

MEMORANDUM DECISION AND ORDER - 12

the pleadings or technicalities," and, therefore, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Chudacoff v. University Med. Cent. of Southern Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

The decision whether to grant or deny a motion to amend pursuant to Rule 15(a) rests in the sole discretion of the trial court. The four factors that are commonly used to determine the propriety of a motion for leave to amend are: 1) undue delay, bad faith or dilatory motive on the part of the movant; 2) repeated failure to cure deficiencies by amendments previously allowed; 3) undue prejudice to the opposing party by virtue of allowance of the amendment; and 4) futility of amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n. 5 (9th Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, "[t]hese factors…are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *Webb*, 655 F.2d at 979 ("The mere fact that an amendment is offered late in the case is…not enough to bar it."); *Bowles v. Beade*, 198 F.3d 752, 758 (9th Cir. 1999). "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Webb*, 655 F.2d at 980 (citation omitted). The Ninth Circuit has held that although all these factors are relevant to consider when ruling on a motion for leave to amend, the "crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973). Indeed, prejudice is the touchstone of the inquiry under Rule 15(a). *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

MEMORANDUM DECISION AND ORDER - 13

(9th Cir. 2003). Ultimately, "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey*, 481 F.2d at 1190.

The Court has reviewed the proposed Amended Complaint and the entire record herein and finds the Motion to Amend is well taken as to the § 1983 claim and the proposed "liability by statute" claim. There is no indication of any undue delay, bad faith or dilatory motive on the part of the Plaintiffs in seeking leave to amend. This is the first request to cure deficiencies by amendments and it is early in the procedural posture of the case. There is also no undue prejudice to the Defendants by allowing the amendment given the early stage of this case. Finally, the Court finds amendment of the § 1983 and "liability by statute" claims would not be futile. The Court makes no definitive ruling about the viability of the Plaintiffs' claims going forward. As to the state law claims of negligence per se and violation of the Idaho Constitution, however, the Court finds amendment is futile. Both of those claims fail as a matter of law and no amendment can cure their defects. Based on the foregoing, the Court grants Plaintiffs' leave to amend as to the § 1983 and "liability by statute" claims. The Plaintiff shall file an Amended Complaint consistent with this Order within seven days of the date of this Order.

The proposed Amended Complaint also includes an "alternative claim for relief" seeking declaratory relief asking the Court to interpret, define, and enforce the rights, status, and legal relations among the parties. (Dkt. 15, Ex. A at ¶¶ 10.1-10.6.) Defendants counter that Plaintiffs are not entitled to declaratory relief in this case because there are no claims that exist independent of declaratory relief that are properly within this Court's

subject matter jurisdiction. (Dkt. 16 at 6-7.) In light of the Court's ruling allowing certain claims to go forward, the declaratory relief claim also survives the Motion for Judgment on the Pleadings. Plaintiffs are granted leave to include the "alternative claim" for declaratory relief in their Amended Complaint.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Defendants' Motion for Judgment on the Pleadings (Dkt. 10) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2) Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. 15) is **GRANTED**. Plaintiffs shall file an Amended Complaint within seven days of this Order.

3) The parties shall submit an updated, stipulated litigation plan, within fourteen dates of the date of this Order as directed. (Dkt. 24.)

DATED: July 5, 2017

Edward J. Lodge
United States District Judge