UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND R. HAMELL and RACHELLE J. HAMELL,<br><br>      Plaintiffs,<br><br>  v.<br>IDAHO COUNTY, a political subdivision of the State of Idaho, KATHY ACKERMAN, Idaho County Clerk, JIM CHMELICK, Idaho County Commissioner, MARK FREI, Idaho County Commissioner, SKIP BRANDT, Idaho County Commissioner, JOHN AND JANE DOES 1 – 5, in their individual and official capacities,<br><br>      Defendants. | Case No. 3:16-cv-00469-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above-entitled matter are the parties' Cross Motions for Summary Judgment. (Dkt. 32, 33.) The responsive briefing has been filed and the Motions are ripe for the Court's consideration. The facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding further delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter is decided on the record without a hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying this case arise from the Defendant Idaho County's sale of three properties it acquired from Plaintiffs, Raymond R. Hamell and Rachelle J. Hamell, through

a tax deed after the Plaintiffs failed to pay property taxes. (Dkt. 26.) The properties are identified as: Shingle Creek Property, Shaw Subdivision Lot 1, and Shaw Subdivision Lot 2. The property sales were held by public auction. Plaintiffs allege the Notices of Sale for each of the public auctions issued by the Defendants were deficient because they failed to contain the proper legal description of the properties as required by Idaho Code § 31-808. As a result, Plaintiffs argue, the properties sold for less than their assessed value thereby depriving Plaintiffs of their due process rights to any excess proceeds from the sales.

Plaintiffs have brought this § 1983 action against the Defendants Idaho County, Kathy Ackerman, the Idaho County Clerk, and Idaho County Commissioners Jim Chmelik, Mark Frei, and Skip Brandt. (Dkt. 26.) The Complaint raises a § 1983 claim for deprivation of the Hamells' property interest without due process, liability by statute for failing to satisfy the requirements of Idaho Code § 31-808, and an alternative claim for declaratory relief. (Dkt. 26.)[1] The parties have filed Cross Motions for Summary Judgment which are now before the Court. (Dkt. 32, 33.)

## STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

---

[1] The Court previously granted in part the Defendants' Motion for Judgment on the Pleadings dismissing some of Plaintiffs' claims. (Dkt. 25.) The Court granted the Plaintiffs leave to amend their Complaint which they have filed. (Dkt. 25, 26.)

fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "material" if it affects the outcome of the litigation and may be considered "genuine" if it is established by "sufficient evidence supporting the claimed factual dispute…to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.3d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)); s*ee also British Motor Car Distrib. v. San Francisco Auto. Indus. Welfare Fund*, 883 F.2d 371 (9th Cir. 1989).

Under Rule 56, summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete[] failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

> In order to withstand a motion for summary judgment, a party
>
> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car*, 882 F.2d at 374 (citation omitted). When applying this standard, the court views all of the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Hughes v. United States*, 953

F.2d 531, 541 (9th Cir. 1992).

## ANALYSIS

**1.  Section 1983 Due Process Claim**

The first claim for relief raises a § 1983 claim alleging the Defendants deprived the Plaintiffs of their protected property interest in violation of both procedural and substantive due process by selling the properties without following the provisions of Idaho Code § 31-808, not providing a pre-deprivation hearing, continuing with the property sales after being notified of the advertisement deficiencies, and maintaining procedures/policies that systematically deprived Plaintiffs of their right to excess proceeds. (Dkt. 26 at ¶¶ 7.1-7.16) (Dkt. 33, 36.)

A § 1983 claim based on procedural due process violations requires Plaintiffs to show that a person acting under color of state law deprived them of their constitutionally protected liberty or property interest without sufficient procedural safeguards. *Buckingham v. Sec. of U.S. Dept. of Agr.*, 603 F.3d 1073, 1081 (9th Cir. 2010). Such a claim contains three elements: (1) a liberty or property interest protected by the United States Constitution; (2) a deprivation of that interest; and (3) a denial of adequate procedural protections. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Substantive due process forbids the government from depriving a person of life, liberty, or property in such a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "In order to establish a constitutional violation based on substantive due process, [a plaintiff] must

show both a deprivation of [his or] her liberty [or property interest] and conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991-92 (9th Cir. 2006).

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (citing *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Kraft v. Jacka*, 872 F.2d 862, 866 (9th Cir. 1989)); *see also Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 948 (9th Cir. 2004) ("As a threshold matter, 'to establish a substantive due process claim a plaintiff must show a government deprivation of life, liberty, or property.'").

In this case, Defendants argue the Plaintiffs have not shown they possessed a constitutionally protected liberty or property interest in having the Notices of Sale provide a particular property description or in any potential excess tax proceeds from the sales. (Dkt. 32, 37, 38.) Plaintiffs maintain they have a constitutionally protected interest in the properties and in any excess proceeds from the sales. (Dkt. 33, 36, 39.)[2]

"A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that stem from an

---

[2] Alternatively, Defendants argue that if a protected interest is shown, the § 1983 claim still fails because Plaintiffs failed to avail themselves of the opportunity to be heard prior to any deprivation of that interest nor that any such deprivation caused them damages. (Dkt. 32.) Plaintiffs assert they were deprived of their property interest because the Defendants failed to follow the procedure prescribed in Idaho Code § 31-808, there was no pre-deprivation hearing, Plaintiffs were deprived from protecting their property interest, and/or Defendants maintained procedures/policies that systematically deprived Plaintiffs of their rights to excess proceeds. (Dkt. 33) (Dkt. 36 at 3.) The Court has not addressed these arguments because its conclusion that Plaintiffs have no protected property interest is dispositive of the § 1983 claim.

independent source such as state law.'" *Wedges/Ledges*, 24 F.3d at 62 (quoting *Roth*, 408 U.S. at 577). "Not every procedural requirement ordained by state law, however, creates a substantive property interest entitled to constitutional protection." *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008). "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges*, 24 F.3d at 62 (quoting *Assn. of Orange Cnty. Deputy Sheriffs v. Gates*, 716 F.2d 733, 734 (9th Cir. 1983). "Although procedural requirements ordinarily do not transform a unilateral expectation into a protected property interest, such an interest is created 'if the procedural requirements are intended to be a significant substantive restriction on...decision making.'" *Id.* (quoting *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984)). Further, "[t]o create a right protected by the Due Process Clause, the state law 'must provide more than merely procedure; it must protect some substantive end.'" *James v. Rowlands*, 606 F.3d 646, 656-57 (9th Cir. 2010). "Only if the governing statute compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, does it create a constitutionally protected property interest." *Shanks*, 540 F.3d 1091.

Plaintiffs' § 1983 claim fails as a matter of law because Plaintiffs do not possess any constitutionally protected property or liberty interest. Plaintiffs have no protectable interest in the three properties. There is no dispute that Plaintiffs had not paid their property taxes and, therefore, the County had acquired legal title to the properties through tax deeds. Idaho Code § 63-1007. Plaintiffs also have no protectable interest in the Notices of Sale

containing a particular description of the property or in the potential excess proceeds that may result from the tax sales.

Idaho Code § 31-808 governs the sale of county property acquired through tax deed and provides, in relevant part, that:

> (1) A board of county commissioners shall have the power and authority to sell or offer for sale at public auction any real or personal property belonging to the county not necessary for its use….Prior to offering the property for sale, the board of county commissioners shall advertise notice of the auction in a newspaper, as defined in section 60-106, Idaho Code, either published in the county or having a general circulation in the county, not less than ten (10) calendar days prior to the auction. If the property to be sold is real property, the notice to be published shall contain the legal description as well as the street address of the property. If the property is outside the corporate limits of a city and does not have a street address, then the description shall also contain the distance and direction of the location of the real property from the closest city.
>
> If the property to be sold is acquired by tax deed, the notice required to be published shall include, next to the description of the property, the name of the taxpayer as it appears in the delinquent tax certificate upon which the tax deed was issued. The property shall be sold to the highest bidder. However, the board of county commissioners shall set the minimum bid for the tax deeded property to include all property taxes owing, interest and costs but they may reserve the right to reject any and all bids and shall have discretionary authority to reject or accept any bid which may be made for an amount less than the total amount of all delinquent taxes, late charges, interest and costs, including other costs associated with the property, advertising, and sale, which may have accrued against any property so offered for sale, including the amount specified in the tax deed to the county. Such action by the board in setting the minimum bid shall be duly noted in their minutes. Failure to do so shall not invalidate a sale. For tax deeded property, the board of county commissioners shall conduct an auction no later than fourteen (14) months from the issuance of the tax deed.

Any excess proceeds from the sale may be paid to the property owners at the time the tax deed was issued after payment of all delinquent taxes, late charges, interests and costs, and any apportionment to parties in interest. Idaho Code § 31-808(2).

Plaintiffs argue the mandatory language in Idaho Code § 31-808 affords them a protected property interest in the description required on the Notices of Sale and in the excess proceeds. The Court disagrees. The mandatory language used in the statute does not give rise to a substantive protectable interest. *Shanks*, 540 F.3d at 1091. The statute's mandatory language applies to the procedural requirements for conducting a tax sale but does not impose a significant substantive restriction on the County's decision-making discretion. *Id.* at 1090; *Wedges/Ledges*, 24 F.3d at 62. Nor does the mandatory language dictate a particular outcome or protect a substantive result. *James*, 606 F.3d at 656-57.

The statute does not compel a result upon compliance with the criteria set forth therein. *Shanks*, 540 F.3d 1091 ("Only if the governing statute compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, does it create a constitutionally protected property interest."). Idaho Code § 31-808 requires the County to publish a notice of sale with a description of the property, hold the sale within a certain time frame, set a minimum bid amount, and sell the property to the highest bidder. The County, however, retains the discretion to "reject any and all bids," and "to reject or accept any bid which may be made for an amount less than the total amount of all delinquent taxes, late charges, interest and costs." *Id.* The statute does not, as Plaintiffs argue, compel that the sale will draw more than one bidder and/or result in there being any excess proceeds. Just the opposite, the County has the discretion to accept a bid for less than the amount of the delinquency owed.

For these reasons, the Court finds Plaintiffs have no protectable interest and, therefore, the Defendants' Motion for Summary Judgment is granted. Plaintiffs' § 1983 claim is dismissed.

**2.      State Law Claims**

The Complaint alleges additional state law claims for liability by statute and an alternative claim seeking declaratory relief. (Dkt 26 at ¶¶ 8.1-8.5 and ¶¶ 9.1-9.6.) Defendants argue the Court should decline to exercise supplemental jurisdiction over any remaining state law claims including Plaintiffs' claim for declaratory relief. (Dkt. 32.)

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367 (c)(3)); *see also Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("when a district court dismisses on the merits ... federal claims over which it ha[s] original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims, subject to the factors set forth in § 1367(c)(1)-(4).") "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (internal brackets and citation omitted).

The § 1983 claim over which the Court has original jurisdiction has been dismissed on the merits. The liability by statute claim is based on a state law statute. The alternative claim for declaratory relief does not provide a basis for federal jurisdiction. *See Skelly Oil*

*Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 674 (1950) (the federal Declaratory Judgment Act, 28 U.S.C. § 2201, does not on its own provide basis for federal jurisdiction); *Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011) (jurisdiction "must properly exist independent of the [federal Declaratory Judgment Act]"). All of the federal claims have therefore been disposed of in this matter prior to trial. Accordingly, the balance of convenience, fairness, and comity weigh in favor of the Court declining to exercise jurisdiction over the remaining state-law claims. *Sanford*, 625 F.3d at 561 (citation omitted). The Court therefore dismisses the remaining state law claims without prejudice. 28 U.S.C. § 1367(c)(3).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Defendants' Motion for Summary Judgment (Dkt. 32) is **GRANTED**. The § 1983 claim is **DISMISSED WITH PREJUDICE**. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

2) Plaintiffs' Motion for Partial Summary Judgment (Dkt. 33) is **DENIED**.

DATED: August 8, 2018

_____
Honorable Edward J. Lodge
U.S. District Judge